```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RECLAIM THE RECORDS and                   )
ALEC FERRETTI,                            )
                                          )
                    Plaintiffs,           )     No. _____
                                          )
         -against-                        )     COMPLAINT
                                          )
UNITED STATES DEPARTMENT OF               )
STATE,                                    )
                                          )
                                          )
                    Defendant.            )
-----------------------------------------------------------x
```

Plaintiffs Reclaim the Records and Alec Ferretti, by their attorney David B. Rankin of Beldock, Levine & Hoffman, LLP for their complaint, do hereby state and allege:

### Preliminary Statement

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§552 *et seq.*, seeking the production of agency records improperly withheld by Defendant United States Department of State ("DOS" or "Defendant"), in response to a request properly made by Plaintiffs.

2. Plaintiffs seek an injunction requiring Defendant to release the requested records.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(b). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper as the records exist on databases within this district and Plaintiff Ferretti is a resident of New York.

5. The DOS has failed to respond to Plaintiffs' request within the time allowed by FOIA. Plaintiffs have exhausted all administrative remedies pursuant to 5 U.S.C. § 522(a)(6)(C)(i).

**Parties**

6. Plaintiff Alec Ferretti is a board member of Plaintiff Reclaim the Records ("Reclaim"), a 501(c)(3) not-for-profit organization that acquires genealogical and archival data sets and images from government sources for the purpose of making such genealogical data free and accessible to the public at large. Collectively, Mr. Ferretti and Reclaim the Records are referred to as the "Plaintiffs."

7. Defendant DOS is an agency within the meaning of 5 U.S.C. §§ 551(1) & 552(f)(1).

**Factual Background**

8. On June 28, 2021, Plaintiffs submitted a FOIA request to the DOS via an email sent to FOIARequest@state.gov (hereinafter the "Request"). The Request is attached hereto as Exhibit ("Ex.") A.

9. The Request seeks "….an extract of all information for deceased passport holders maintained in the passport database. This database starts in 1978, and runs through the present. While information on living passport holders may not be disclosed under FOIA, the policy of the Department is to consider all individuals deceased 100 years after their date of birth. Thus, to the extent that you are not able actively segregate deceased passport holders, please extract data for all people whose date of birth is on or before June 28, 1920 or the date of processing of this request, whichever is later. I request this data to be sent to me electronically." Ex. A.

10. DOS did not acknowledge or otherwise respond to the Request.

11. To date, the DOS has neither acknowledged nor denied the Request nor produced the requested records.

**Cause of Action**

12. Defendant failed to respond to or produce the records requested by Plaintiffs within twenty business days of receiving the request as required by the FOIA, 5 U.S.C. § 522(a)(6)(A)(i).

13. Defendant continues to improperly deny Plaintiffs access to the requested records.

14. Defendant's failure to promptly make available the records sought by Plaintiffs' Request violates the FOIA, 5 U.S.C. §§ 522(a)(2)-(3) and 522(a)(6)(A)(i), and Defendant's corresponding regulations.

### Request for Relief

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to Plaintiffs' Request;

B. Issue a declaration that Plaintiffs are entitled to disclosure of the records responsive to Plaintiffs' Request;

C. Order Defendant to disclose all non-exempt records responsive to Plaintiffs' Request in its entirety, as well as all non-exempt portions of responsive records;

D. Order Defendant to promptly provide an index pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), and its progeny, inventorying all responsive records and itemizing and justifying all withholdings of responsive documents;

E. Enjoin Defendant from continuing to withhold any and all non-exempt records or portions thereof responsive to Plaintiffs' Request;

F. Immediately process all records responsive to the Request;

G. Award Plaintiffs reasonable attorneys' fees and costs pursuant to incurred in this action; and 5 U.S.C. § 552(a)(4)(E);

H. Grant such other relief as the Court may deem just and proper

Dated: February 27, 2023
New York, New York

        Respectfully submitted,

By: _____
        David B. Rankin
        Beldock, Levine & Hoffman, LLP
        99 Park Avenue, PH/26th Fl.
        New York, New York 10016
        t:  212-277-5825
        e: DRankin@blhny.com

        Jeffrey F. Kinkle
        e: jkinkle@blhny.com