UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RECLAIM THE RECORDS and ALEC FERRETTI,

               Plaintiffs,

               -v-

UNITED STATES DEPARTMENT OF STATE,

               Defendant.

23 Civ. 1650 (JPC)

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

 

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2785
Fax: (212) 637-2702
Email: joseph.pantoja@usdoj.gov

JOSEPH A. PANTOJA
Assistant United States Attorney, *Of Counsel*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................1

    A.      The FOIA Request ...................................................................................................1

    B.      The State Department's Passport Records .............................................................2

ARGUMENT....................................................................................................................................4

THE COURT SHOULD GRANT SUMMARY JUDGMENT TO THE STATE
DEPARTMENT BECAUSE THE AGENCY HAS DEMONSTRATED THAT
ITS SEARCH WAS REASONABLE AND ADEQUATE ...................................................4

    A.      Summary Judgment Standard ..................................................................................4

    B.      The State Department's Search Was Reasonable and Adequate.............................4

    C.      Responding to The FOIA Request Would Require the State Department to
           Create a Record, Which Cannot Be Compelled Under FOIA  ...............................6

    D.      Responding to The FOIA Request Would Be Unduly Burdensome Under
           FOIA  ........................................................................................................................7

CONCLUSION................................................................................................................................10

## TABLE OF AUTHORITIES

PAGE(S)

Cases

*Am. Fed'n of Gov't Emps.*, *Loc. 2782 v. U.S. Dep't of,*
  *Com.*, 907 F.2d 203 (D.C. Cir. 1990) .................................................................................. 7, 10
*Carney v. U.S. Dep't of Justice*,
  19 F.3d 807 (2d Cir. 1994) ................................................................................................... 4, 5
*Church of Scientology v. IRS*,
  792 F.2d 146 (D.C. Cir. 1986) .................................................................................................. 7
*Earle v. U.S. Dep't of Justice*,
  217 F. Supp. 3d 117 (D.D.C. 2016) .......................................................................................... 5
*Ferguson v. F.B.I.*,
  No. 89-cv-5071 (RPP), 1995 WL 329307 (S.D.N.Y. June 1, 1995) ..................................... 1, 2
*Forsham v. Harris*,
  445 U.S. 169 (1980) .................................................................................................................. 6
*Goland v. CIA*,
  607 F.2d 339 (D.C.Cir. 1978), *cert. denied*, 445 U.S. 927[] (1980) ......................................... 7
*Grand Cent. P'ship, Inc. v. Cuomo*,
  166 F.3d 473 (2d Cir. 1999) ..................................................................................................... 4
*Halpern v. F.B.I.*,
  181 F.3d 279 (2d Cir. 1999) ............................................................................................... 7, 10
*Irons v. Schuyler*,
  465 F.2d 608 (D.C. Cir.) ........................................................................................................... 7
*Jenkins v. U.S. Dep't of Justice*,
  263 F. Supp. 3d 231 (D.D.C. 2017) .......................................................................................... 5
*Krohn v. Dep't of Justice*,
  628 F.2d 195 (D.C. Cir. 1980) .................................................................................................. 7
*Long v. Office of Pers. Mgmt.*,
  692 F.3d 185 (2d Cir. 2012) ..................................................................................................... 4
*MacLeod v. United States Department of Homeland Security*,
  No. 15-cv-1792 (KBJ), 2017 WL 4220398 (D.D.C. Sept. 21, 2017) ....................................... 5
*N.Y. Times Co. v. U.S. Dep't of Justice*,
  756 F.3d 100 (2d Cir. 2014) ..................................................................................................... 4
*New York Times Co. v. U.S. Dep't of Justice*,
  872 F. Supp. 2d 309 (S.D.N.Y. 2012) ...................................................................................... 1
*Pierce & Stevens Chem. Corp. v. U.S. Consumer Prod. Safety Comm'n*,
  585 F.2d 1382 (2d Cir. 1978) ................................................................................................... 6
*Reyes v. United States Environmental Protection Agency*,
  991 F. Supp. 2d 20 (D.D.C. June 13, 2014) ............................................................................. 5
*Ruotolo v. Department of Justice, Tax Div.*,
  53 F.3d 4 ............................................................................................................................. 7, 10
*United States Dep't of Justice v. Tax Analysts*,
  492 U.S. 136 (1989) .................................................................................................................. 6

*Whitaker v. Department of Commerce*,
   970 F.3d 200 (2d Cir. 2020) ............................................................................................... 5

Rules

Federal Rule of Civil Procedure 56 ................................................................................................ 4

Defendant United States Department of State (the "State Department"), by its attorney, Damiam Williams, United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

In their complaint, ECF No. 1 ("Complaint" or "Compl."), plaintiff Alec Ferretti and Reclaim the Records (collectively, "Plaintiffs") commenced this action under the Freedom of Information Act ("FOIA") to compel the State Department to produce "an extract of all information for deceased passport holders maintained in the State Department's passport database." The State Department conducted a reasonable search and determined that no such extract exists. To the extent that Plaintiff's FOIA request amounts to a demand that the State Department create such an extract, such a demand conflicts with FOIA's mandate that an agency not be compelled to create new documents to satisfy a FOIA request. More fundamentally, no such extract could be created without an undue burden on the agency. Accordingly, this Court should grant summary judgment in the State Department's favor.

## BACKGROUND[1]

### A.    The FOIA Request

On June 28, 2021, the State Department received plaintiff Alec Ferretti's ("Plaintiff") FOIA request to the State Department for "an extract of all information for deceased passport holders maintained in the passport database," which the State Department tracked internally

---

[1] While typically this district requires parties to submit Local Rule 56.1 statements in support of motions for summary judgment, " '[t]he general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment,' and Local Rule 56.1 statements are not required." *New York Times Co. v. U.S. Dep't of Justice*, 872 F. Supp. 2d 309, 314 (S.D.N.Y. 2012) (*quoting Ferguson v. F.B.I.*, No. 89-cv-5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995), aff'd 83 F.3d 41 (2d Cir. 1996)).

using the number F-2021-07839 and subsequently FL-2023-00054 (the "FOIA request"). *See* Declaration of Regina L. Ballard, dated February 1, 2024 ("Ballard Decl.") ¶ 4 and Exh. 1; ECF No. 1-1. Plaintiff further specified that to the extent the Department is not able to actively segregate deceased passport holders, it is to "extract data for all people whose date of birth is on or before June 28, 1920 or [100 years before] the date of processing of this request, whichever is later." *Id*. By letter dated January 30, 2024, the State Department informed Plaintiff that it had not identified any records responsive to the FOIA request. *Id*. ¶ 7 and Exh. 2.

**B.     The State Department's Passport Records**

The State Department maintains United States passport records, which include passport applications among other items, in two formats: paper records and in an electronic database called the Passport Information Electronic Records System ("PIERS"). Ballard Decl. ¶ 8. The Department's paper passport records are located at the Washington National Records Center (the "Records Center") of the U.S. National Archives and Records Administration ("NARA") in Suitland, Maryland. *Id*. ¶ 9.

Many of these records have been digitized, and are contained in PIERS. Ballard Decl. ¶ 10. These records imperfectly overlap with the paper passport records NARA holds because not all passport records have been digitized, and some paper records no longer exist.[2] The passport data maintained by the State Department does not contain information about whether an individual is deceased. *Id*. Moreover, PIERS does not permit a system user to extract passport data for persons born or deceased from a specific date to another specific date, and that

---

[2] The Department refers persons who are seeking their passport records to NARA if their passports were issued prior to March 1925. *See* Get Copies of Passport Records, U.S. Department of State, https://travel.state.gov/content/travel/en/passports/have-passport/passport-records.html.  The Department is currently unable to ascertain precisely how much of the passport records pre-dating 1925 have been digitized, but avers that it is possible to search on PIERS for persons with birth dates in 1850 at the earliest.

2

functionality has never been available to the State Department through PIERS. *Id*. Rather, a PIERS system user must input an individual's personal identifiable information ("PII")—such as name, date of birth, Social Security Number, place of birth, date of death, or place of death—to retrieve information from PIERS, up to 250 results, beyond which no further results are shown even if they fit the criterion used. *Id*.

The State Department also maintains Consular Reports of Deaths of a U.S. Citizen Abroad ("CRDAs"). Ballard Decl. ¶ 12. CRDAs are created when a U.S. citizen passes away overseas and the passing is reported to a U.S. embassy or consulate. *Id*. They typically include the citizen's birth date and circumstances surrounding the death, but may not contain passport data. *Id*. The State Department maintains CRDAs in two formats: paper records and in PIERS. *Id*.

The State Department estimates that there are at least 331,000 CRDAs that exist in paper form, which are also stored at the Records Center. Ballard Decl. ¶ 13. They are generally organized by the date they were digitized and the unique identifier or batch number assigned to the group of archival materials to which they belong that have been transferred to NARA. *Id*. Most of the 331,000 CRDAs that exist in paper form have been digitized. *Id*. ¶ 14. CRDAs might not contain passport data. *Id*. In addition, any attempt to obtain an extract of the CRDAs in PIERS would be subject to the same limitations and concerns described herein for the State Department's passport data. *Id*.

The State Department inquired with the State Department personnel with subject matter expertise, including in the Office of Consular Systems and Technology, concerning the State Department's access and use of its passport records and CRDAs, as well as the identification of all files likely to contain records that are responsive to the FOIA request. Ballard Decl. ¶ 15. The

3

State Department determined that it has never created and does not currently possess or maintain an extract of passport records with the parameters specified in the FOIA request. *Id*.

## ARGUMENT

### THE COURT SHOULD GRANT SUMMARY JUDGMENT TO THE STATE DEPARTMENT BECAUSE THE AGENCY HAS DEMONSTRATED THAT ITS SEARCH WAS REASONABLE AND ADEQUATE

**A.    Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is the procedural vehicle by which most FOIA actions are resolved. *See, e.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).

**B.    The State Department's Search Was Reasonable and Adequate**

"In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate." *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) (quoting *Carney*, 19 F.3d at 812). A search is judged by the efforts the agency undertook, not by its results. *See Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 489 (2d Cir. 1999); *see also N.Y. Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 124 (2d Cir. 2014). The agency must simply demonstrate that its search was "reasonably calculated to discover the requested documents." *Grand Cent. P'ship*, 166 F.3d at 489. In other words, the search "need not be perfect, but rather need only be reasonable." *Id*. Generally, the agency need only provide "[a]ffidavits or declarations" with supporting facts to show that it has conducted an adequate search under FOIA. *Carney*, 19 F.3d at 812. Such affidavits or declarations are accorded a presumption of good faith, and the Court may award summary judgment on them alone. *Id*.

An agency may satisfy its burden of demonstrating an adequate search through "[a]ffidavits or declarations supplying facts indicating that the agency has conducted a thorough search." *Carney*, 19 F.3d at 812 (footnote omitted). When "'[i]t is clear beyond cavil that an agency cannot improperly withhold records that it does not maintain, and that 'where the Government's declarations establish that a search would be futile, the reasonable search required by FOIA may be no search at all.'" *Whitaker v. Department of Commerce*, 970 F.3d 200, 207 (2d Cir. 2020) (quoting *MacLeod v. United States Department of Homeland Security*, No. 15-cv-1792 (KBJ), 2017 WL 4220398, at *11 (D.D.C. Sept. 21, 2017) (alterations omitted) (*quoting Reyes v. United States Environmental Protection Agency*, 991 F. Supp. 2d 20, 27 (D.D.C. June 13, 2014)); *see also Whitaker*, 970 F.3d at 208 ("We see no reason to depart from the sensible and persuasive approach employed by the courts that have considered this question, and we therefore conclude that an agency need not conduct a search that it has reasonably determined would be futile."); *Jenkins v. U.S. Dep't of Justice*, 263 F. Supp. 3d 231, 235 (D.D.C. 2017) (where an agency demonstrates it is unlikely to possess responsive records, it is not required to conduct a search); *Earle v. U.S. Dep't of Justice*, 217 F. Supp. 3d 117, 123–24 (D.D.C. 2016) (granting summary judgment for agency where declarant explained that the agency did not maintain the records sought).

The State Department's detailed declaration sufficiently describe a reasonable and thorough search of all databases relevant to the FOIA request and otherwise establishes that the State Department satisfied its obligation to conduct a search reasonably calculated to uncover any records responsive to the FOIA request. Ballard Decl. ¶¶ 8-15, 27. The State Department inquired with State Department personnel with subject matter expertise, including in the Office of Consular Systems and Technology, concerning the State Department's access to and use of its

passport records and CRDAs. *Id*. ¶¶ 15, 25. The State Department also inquired with such personnel concerning the identification of all files likely to contain records that are responsive to the FOIA request. *Id.* The State Department confirmed that it does not maintain—and has never maintained—an extract, in paper or electronic form, of all information in PIERS for passport holders who are deceased or were born at least one hundred years ago. *Id.* ¶¶ 10, 15. As all files likely to contain relevant records were searched and yielded no such record, the State Department confirmed that the requested extract simply does not currently exist in any form, be it electronic or paper. *Id*. at ¶¶ 8-15, 25-27.

C. **Responding to The FOIA Request Would Require the State Department to Create a Record, Which Cannot Be Compelled Under FOIA**

To the extent Plaintiff is requesting that the State Department create an extract of all information in PIERS for passport holders who are deceased or were born at least one hundred years ago, the Complaint should be dismissed. To qualify as an agency record under FOIA, a record must satisfy "two requirements": the agency must either have created or obtained the record, and "the agency must be in control of the requested material at the time the FOIA request is made." *United States Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144 (1989). FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." *Id.* But there is no existing extract of the type that Plaintiff requests. It is well-established that agencies are not required to "create" records in response to a FOIA request. *See, e.g.*, *Forsham v. Harris*, 445 U.S. 169, 186 (1980) ("FOIA imposes no duty on [an] agency to create records."); *Pierce & Stevens Chem. Corp. v. U.S. Consumer Prod. Safety Comm'n*, 585 F.2d 1382, 1388 (2d Cir. 1978) ("[U]nder the FOIA, an agency does not rewrite a document or create informational material. It discloses existing documents, which it has already prepared."). Accordingly, FOIA does not require the State

6

Department to create an extract of all information for deceased passport holders or passport holders whose date of birth was more than one hundred years ago where no such record exists.

**D.      Responding to The FOIA Request Would Be Unduly Burdensome Under FOIA**

Even if the database extract was not considered to be the creation of a new record, it would be unduly burdensome to require the agency to create such a record. When responding to a FOIA request, "an agency need not conduct a search that plainly is unduly burdensome," *Halpern v. F.B.I.*, 181 F.3d 279, 288 (2d Cir. 1999), nor need it fully comply with a request that "impose[s] an unreasonable burden upon the agency," such as one that "require[s] the agency to locate, review, redact, and arrange for inspection a vast quantity of material," *Am. Fed'n of Gov't Emps.*, *Loc. 2782 v. U.S. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990).  As explained by the Second Circuit:

> It is unreasonably burdensome to request information that would require "a page-by-page search through the 84,000 cubic feet of documents in the [CIA] Records Center," *Goland v. CIA*, 607 F.2d 339, 353 (D.C.Cir. 1978) (internal quotations omitted), *cert. denied*, 445 U.S. 927[] (1980); a "search through every file in [the IRS'] possession to see if a reference to Scientology appeared," *Church of Scientology v. IRS*, 792 F.2d 146, 151 (D.C. Cir. 1986); a search of 3,500,000 files of patents as well as 1,000,000 other files, *Irons v. Schuyler*, 465 F.2d 608, 611–12 (D.C. Cir.), *cert. denied*, 409 U.S. 1076[] (1972). It is also unreasonably burdensome to require a search of the files of over 5,000 criminal cases upon a general request for data to be gleaned from documents which have not been created. *See Krohn v. Dep't of Justice*, 628 F.2d 195, 198 (D.C. Cir. 1980).

*See Ruotolo v. Department of Justice, Tax Div.*, 53 F.3d 4, 9 (2d Cir. 1995

The State Department's declarant detailed why requiring the State Department to produce an extract of all information for such passport holders would require the State Department to undertake an unduly burdensome task of compiling information that is not currently in the form requested by the FOIA request.  *See* Ballard Decl. ¶¶ 16-25.  Because the passport data maintained by the State Department does not contain information about whether an individual is deceased, the only way to process the FOIA request would be to assume that any person whose

passport record contains a date of birth of 1923 or earlier—*i.e.*, anyone past 100 years old—is deceased.  *Id*. ¶ 16.  Consequently, using the State Department's PIERS system to create an extract of all information for deceased passport holders or passport holder born at least one hundred years before the State Department processed the FOIA request would impose an undue burden on the State Department's operations.  *Id*. ¶ 17.

     As to data from PIERS, it would not be possible to generate anything remotely approaching a complete extract through regular system capabilities because at most 250 results could be shown for any search criteria, such as a specific birth date, which would generally be a severe underestimate of the actual number of potential results.  *Id*. ¶ 20.  Using PIERS instead for that effort would require conducting a data pull, which would itself require an extensive *ad hoc* query after retaining the services of an IT contractor to write, test, and refine the query to perform a data pull, because such a query is beyond the regular system support duties of State Department employees.  *Id*. ¶ 21.

     The State Department estimates that it would need to extract over 10 million records from PIERS that might correspond to individuals meeting the parameters of the FOIA request using this ad hoc query.  Ballard Decl. ¶ 22.  Even after their collection, the information in the data pull would not necessarily be accurate.  If it were to verify accuracy, the State Department would need to undertake a lengthy process to match that information to the actual electronic record(s) for the individual in question and by consulting corresponding paper records at the Records Center as necessary.  *Id*.  Moreover, this enormous volume of records would need to be reviewed for any third-party information and redacted appropriately prior to their production to Plaintiff to ensure that the State Department is compliant with both FOIA and other applicable statutes such as the Privacy Act.  *Id*. ¶ 23.

8

Nor would the CRDAs maintained by the State Department provide a feasible means of creating the extract requested by the FOIA request, as extracting data from potentially tens or hundreds of thousands of CRDAs without inputting each individual's PII would be a monumental undertaking.  Ballard Decl. ¶ 25.  A member or members of the State Department's support team would need to conduct a search for every individual date from 1923 backwards in time (*e.g.*, December 31, 1923, December 30, 1923, and so on).  *Id*.  The entire collection of resulting reference numbers would then need to be matched, one by one, to an entry in PIERS, and then those PIERS results would need to be matched with any corresponding electronic record(s).  *Id*.  Should an electronic record not exist for the generated reference number or if the electronic record is deficient (*e.g.*, illegible), a State Department employee would need to coordinate with the Records Center to manually search every box using the digitized date, unique identifier or batch number, and/or any other available information generated by PIERS to locate the corresponding paper record.  *Id*.  Finally, a State Department employee would need to ascertain whether passport data exists on each CRDA and input all the data collected from either the electronic or paper records to generate an "extract."  *Id*.  This entire effort would require at a minimum thousands of manhours, which would necessarily pull many if not all of Passports Records Management's employees away from their regular duties, including responding to other FOIA requests the Department receives, at a time when they are already short-staffed and thinly stretched.  *Id*.

Because the passport data maintained by the State Department in PIERS or in paper form does not contain information about whether an individual is deceased or permit a system user to extract passport data for persons born or deceased from a specific date to another specific date, providing the information sought in the FOIA request would require the State Department to

9

engage in additional research or conduct additional analyses above and beyond the contents of its database. *Id*. FOIA simply does not require agencies to undertake that burden. *Halpern*, 181 F.3d at 288; *Ruotolo*, 53 F.3d at 9 (discussing cases); *Am. Fed'n of Gov't Emps., Loc. 2782*, 907 F.2d at 209. In short, there does not currently exist an extract of all passport records for persons born before a certain date, nor is there currently a mechanism in place for the State Department to provide an extract from its database of all information maintained in PIERS for passport holders who are deceased or were born at least one hundred years ago. *See* Ballard Decl. ¶¶ 9-11, 14-17, 19-26. Because the FOIA request therefore seeks the creation of a new record, and imposes an unreasonable burden upon the State Department, the Court should grant summary judgment to the Defendant.

## CONCLUSION

For the foregoing reasons, defendant State Department respectfully requests that the Court grant summary judgment in its favor pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Dated: February 1, 2024
      New York, New York

                                       DAMIAN WILLIAMS
                                       United States Attorney for the
                                       Southern District of New York
                                       *Attorney for Defendant*

By:    */s/ Joseph A. Pantoja*
            JOSEPH A. PANTOJA
            Assistant United States Attorney
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Tel.:   (212) 637-2785
            Fax:   (212) 637-2702
            Email: joseph.pantoja@usdoj.gov