**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| RECLAIM THE RECORDS and ALEC FERRETTI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 23 Civ. 01650 (JPC) |
| UNITED STATES DEPARTMENT OF STATE, | ) ) ) ) | |
| Defendant. | ) | |

**DECLARATION OF RON SCHNELL IN SUPPORT OF PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND CROSS-MOTION IN SUPPORT OF PLAINTIFFS'
SUMMARY JUDGMENT MOTION**

I, Ron Schnell, declare pursuant to 28 U.S.C. §1746, under penalty of perjury, as follows:

1. I am an adult over the age of 18 and a resident of the State of Florida. This declaration is based on my personal knowledge and is made to the best of my knowledge, information, and belief. If called to testify regarding the facts and opinions set forth in this declaration, I could and would testify competently.

**RELEVANT TRAINING, EDUCATION, AND CREDENTIALS**

2. I am a Managing Director at Berkeley Research Group. My CV, a list of my publications in the last three years, and a list of my expert testimony are attached as **Exhibits 1-3** to this declaration.

3. I have over 40 years of experience in the field of computer science and software development. Early in my career I was a kernel programmer for the UNIX Operating System at Bell Labs, a kernel programmer and development manager for the AIX Operating System at IBM, and a kernel programmer for the Solaris Operating System at Sun Microsystems. I founded several

software development start-up companies, and managed large organizations of software engineers and project managers.

4. From 2005 to 2011, I was the chief executive of the organization directed to be formed by the U.S. District Court for the District of Columbia for the purpose of monitoring Microsoft's compliance with the Final Judgments in the *United States v. Microsoft* and *New York et al. v. Microsoft* cases. I hired 93 people to help perform this work, a large majority of whom were software developers.

5. I am an adjunct professor of computer science at Nova Southeastern University.

6. I have working knowledge of over 40 computer programming languages, including all of the languages I understand are at issue in the above-captioned matter.

7. I have designed and maintained very large databases for over 40 years, including one of the largest consumer information databases in the world, during my role as a Vice President at Equifax Corporation.

8. I have taught classes at the college level relating to databases, and how to manage and secure databases, and have testified in federal district courts on matters related to database design, architecture and use.

9. I have been engaged by Reclaim the Records (RtR) to opine regarding database functionality and capability.

10. While I customarily charge a professional rate of $950 per hour, I am providing this Declaration *pro bono*. I have been aware of the non-profit genealogical work of RTR in the past, and appreciate the work that they have done. However, my opinions are solely based on a reasonable degree of scientific certainty in my field of computer science, and are submitted under penalty of perjury.

## DOCUMENTS REVIEWED AND CONSIDERED

11. My opinions in this Declaration are based on my knowledge, education, experience, expertise, training, and my review of the following information in this case.

**Documents/Information Reviewed:**

- Declaration of Regina L. Ballard dated February 1, 2024 (Dkt 29);
- Plaintiff Alec Ferretti e-mail FOIA request dated June 28, 2021 (Dkt 29-1);
- PIERS Privacy Impact Assessment dated 10/2020;
- Government's denial letter dated January 30, 2024(Dkt 29-2);
- Memorandum of Understanding Through Which the U.S. Census Bureau Acquires U.S. Passport Data From the U.S. Department of State, Bureau of Consular Affairs (Dkt 29-3);
- Front End Processor (FEP) PIA draft, downloaded from U.S. Department of State Archive (2009-2017), https://2009-2017.state.gov/documents/organization/266589.pdf (retrieved March 22, 2024).

## SUMMARY OF OPINIONS

12. It would not be burdensome for the Government to fulfill the FOIA requests of the Plaintiffs.

13. Ms. Ballard discusses the purported capabilities of the PIERS system, as opposed to the capabilities of the databases themselves, which are the systems that could fulfill the request with ease.

## SPECIFIC OPINIONS

14. A database is "a collection of information that's stored as data on a computer system…used to organize data so that it's easier to manage and access."[1]

15. Simply put, databases allow the easy storage and retrieval of records based on criteria. This is their only purpose.

16. My understanding of the FOIA request in this matter is that it requests just that: the retrieval and export of passport holder data for deceased persons (or persons born 100 or more years ago).

17. Database "queries" are simple English-language-based computer instructions that detail what the criteria are. For example, one query might be: `Select * from passport_data where birth_date < '1924-03-26'`. This database query would return the information from all of the records where the date of birth is recorded to have been more than 100 years from the date of this writing, from the database table called "passport_data".

18. Another example of a database query might be: `Select * from passport_data where deceased_date is not NULL`. This database query would return the information from all of the records where some value is entered in the date of death field, from the database table called "passport_data".

19. All modern databases have the ability to *export* the results of database queries. Although each type of database is different, it is as simple as a dropdown menu item to export the results of the last query, and there is no difference in the burden required to export a thousand records, a million records or ten million records.

---

[1] Microsoft Corporation, retrieved from https://azure.microsoft.com/en-us/resources/cloud-computing-dictionary/what-are-databases, retrieved on March 22, 2024

20.	Although this may seem like a simplification of how databases work, in my 40+ years of experience in working with databases (including government databases), it is not.

21.	Ms. Ballard's Declaration testifies regarding the capabilities of the PIERS system, which I understand from the materials I reviewed is the user interface by which Department staff connects to the database to retrieve individual records responsive to various requests. My understanding is that this is the system that Department staff use to retrieve individual records responding to various requests.

22.	I assume that Ms. Ballard's description of the capabilities of PIERS accurately reflects its configuration for the specific needs of Department staff. However, this is not the type of tool I would expect one to use in order to fulfill this particular FOIA request.

23.	To perform this sort of record retrieval, I would expect someone with direct database access to use the type of query I suggested above, and to make this query directly to the database by using standard database tools, as opposed to something like PIERS. In my experience, even when an organization has access to a specialized user interface such as PIERS, they also would need to have access to these standard tools as well.

24.	Note that my queries in paragraphs 17 and 18 had an asterisk (*) in it. This is what one would put in a query when it is required that *all* of the record be retrieved. It is also possible to retrieve a *subset* of the record, in cases where some parts of the record are restricted or not desired. For example, I could rewrite the first query to read: `Select name, birth_date, deceased_date, passport_number, country_of_birth from passport_data where birth_date < '1924-03-26'`.

25.	The new example above will only retrieve those fields (name, date of birth, date of death, passport number and the country of birth). Of course these examples use placeholders for

the actual names of database tables and columns in those tables. Whatever the actual names of the columns in the Government's database are will not change my opinion that it will not be burdensome to create queries like these. It is also possible that these data are spread between tables or even databases, which would be reflected in the actual search queries used to accommodate the request. Even if this is the case, in my opinion, based on a reasonable degree of scientific certainty in my field of computer science, someone with even the lowest level of skill in querying databases could construct and test the queries required in a matter of hours, not days.

26. It is also important to note that these queries are non-destructive, and are written so that they could not overwrite or otherwise modify *any* data in the database.

27. Although Ms. Ballard testifies that "PIERS does not permit a system user to extract passport data for persons born or deceased from a specific date to another specific date, and that functionality has never been available to the Department through PIERS,"[2] this does not matter, even if true for ordinary Department system users. In the very next sentence, Ms. Ballard admits that the PIERS system interacts with the database using the very fields that are necessary to fulfill this FOIA request ("date of birth" and "date of death"). Even if PIERS as configured for the specific needs of Department staff is limited to entering individual information, the fact (as testified by Ms. Ballard) that PIERS can use these two fields shows that, without question, the database maintains these fields, and that these fields can be used in a simple query such as the examples above.

28. I'm informed of the possibility that the "date of death" field might be unreliable, as deaths are not uniformly reported to the Department, but that would not matter for a query that is

---

[2] Ballard Declaration at 10

based on the date of birth being at least 100 years ago.  I'm informed that the date of birth *would* be reliable, as birth dates are uniformly reported to the Department.

29.     The MOU attached as an exhibit to Ms. Ballard's Declaration also notes that the date of birth is stored in the data.[3]

30.     My opinion, based on a reasonable degree of scientific certainty in my field of computer science, is that it would not be burdensome for the Government to retrieve the records as requested by the Plaintiff in this matter, and that it would take a matter of hours to construct and test the query, and then run it without risk to the data, and that the resulting data could be exported to a file responsive to the Plaintiff's request.

Executed on March 26, 2024

Ron Schnell

---

[3] Id at Exhibit 3, page 10, Section II