**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 21, 2024

**VIA ECF**

The Honorable John P. Cronan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Reclaim the Records, et ano., v. U.S. Dep't of State,* 23 Civ. 1650 (JPC)

Dear Judge Cronan:

      This Office represents the United States Department of State (the "Department") in the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, in which Plaintiffs asked the Department to produce "an extract of all information for deceased passport holders maintained in the [Department's] passport database," or in the alternative, "data for all people whose date of birth is on or before June 28, 1920 or the date of the processing of [the] request, whichever is later." ECF No. 1-1.  The parties' motions for summary judgment were fully briefed as of August 12, 224.  *See* ECF Nos. 28-30, 34-37, 40-42, 45.  I now write respectfully to provide this Court with a copy of the recent Opinion and Order granting summary judgment to the Department in *Reclaim the Records v. U.S. Dep't of State*, No. 23 Civ. 1471 (JMF), attached as Exhibit A, which involved the same parties as the instant matter and a similar FOIA request for a "copy of the index to all birth and death records held by the State Department for the Panama Canal Zone" (the "PCZ case").  *See* Exhibit A at 1.

      Like the instant case, the FOIA request in the PCZ case implicated the Department's Passport Information Electronic Records System ("PIERS").  *Id.* at 5.  And as in the instant case, the plaintiffs relied primarily on a declaration from a purported database expert, Ron Schnell, to maintain that the Department can search PIERS to yield data from which responsive records could be generated.[1]  *Id.* at 11-14.  However, the Court found it "doubtful" that it was proper to "even consider Schnell's declaration" for several reasons equally applicable to the instant case.  *Id.* at 12.  First, the Court noted that the "adequacy of a federal agency's search for documents in response to a FOIA request is not [usually] a topic on which [the Court] needs the assistance of an expert." *Id.* (internal quotation marks and citations omitted).  The Court then noted that: (1) Schnell was not a Department employee; (2) Schnell did not aver that he ever worked at the Department; (3) Schnell's understanding of PIERS "concededly stems entirely from [the Department's] declarations"; and (4) Schnell's declaration is limited to broad assertions about "[a]ll modern databases" and "what he would expect someone with direct database access" to do when faced with a FOIA request like plaintiffs." *Id*.  The Court therefore concluded that it was "unlikely that Schnell's declaration 'reflects a reliable application of the principle and methods to *the facts of the case*." *Id.* (quoting Fed. R. Evid. 702(2) (emphasis added).

---

[1] Notably, Schnell's declaration in the PCZ case, attached here as Exhibit B, is nearly identical to Schnell's declaration in the instant case.

The Court further noted that even if it could properly consider Schnell's declaration, it "fails to sufficiently counter" the Department's "detailed technical explanations of the ways in which PIERS is 'unlike . . . a typical database' . . . and how, as a result, it does not contain and cannot generate 'records responsive to Plaintiff[s'] FOIA request.'" *Id*. at 13 ("[F]or the most part, Schnell provides 'generalities about technical capabilities of generic systems,' which is not enough to overcome an agency's detailed declarations 'as to the technical feasibility and reproducibility of a records request.'"). The Court went on to find that "[i]n the absence of more specific challenges to [the Department's] descriptions of the Department's record-keeping system, [the Department's] declarations are enough to establish that an index is not readily available." *Id.* at 14. Critically, and as is particularly relevant to the instant case, the Court also found that PIERS is not "the kind of data management system that enables the generation of [ ] an index or list on demand." *Id.*

In addition, the Court held that even if it were possible to search PIERS for the requested records, such a search would be incredibly "onerous." *Id.* at 15. The Court noted that "the Department would have to run hundreds of PIERS searches, verify the results by cross-checking them . . ., stitch each incomplete list of search results together, and then identify and add any non-digitized PCZ birth and death records." *Id.* at 16. The Court therefore concluded that the Department is not required to take such "extraordinary measures" to fulfill a FOIA request. *Id.* (internal quotation marks omitted).

Finally, the PCZ Court rejected Plaintiffs' argument, which Plaintiffs likewise assert here, *see* Plaintiff's Memorandum of Law, ECF No. 37, at 15, that "fear of inaccurate data does not justify" withholding records, Ex. A. at 17. Specifically, the Court explained that the problem "is not just that any PIERS-generated list might 'errantly commingle[ ] non-FOIA exempt records] with exempt records," but rather, that any "list might include non-requested data, some of which may contain sensitive personal information not subject to disclosure." *Id.* at n.1 (internal quotation marks omitted).

We thank the Court for its consideration of this letter.

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

By:    s/ *Rebecca L. Salk*
        REBECCA L. SALK
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2614
        E-mail: rebecca.salk@usdoj.gov

cc:  Counsel of record (via ECF)